[Cite as *State v. Porrini*, 2026-Ohio-2584.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2026CA00040 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2019CR0037 |
| MATTHEW PORRINI, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 6, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** KYLE STONE, Stark County Prosecuting Attorney, for Plaintiff-Appellee; MATTHEW PORRINI, Pro se, Defendant-Appellant.

*Montgomery, J.*

{¶1}   Defendant-Appellant appeals the judgment entered by the Stark County Common Pleas Court overruling his motion for return of his personal property.  Plaintiff-Appellee is the State of Ohio.[1]

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   On January 13, 2026, Appellant filed a motion in the trial court asking for an order directing the Stark County Sheriff's Office to return personal property currently

---

[1] The State has not filed a brief in the instant case.

held in evidence. The property was a laptop computer. The motion stated that on December 24, 2024, the trial court ordered the record in this matter to be sealed and expunged. Because there is no further evidentiary need or legal basis for the State to retain his laptop, Appellant requested the laptop be released. The State did not respond to the motion.

{¶3} The trial court overruled the motion on January 22, 2026, finding the property has been deemed contraband and is not available for return. It is from the January 22, 2026, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

{¶4} "I.     THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING THE APPELLANT'S MOTION FOR RETURN OF PROPERTY."

## ACCELERATED CALENDAR

{¶5} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be

sufficient compliance with App.R. 12(A) for the statement of the reason for

the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published

in any form.

{¶6} This appeal shall be considered in accordance with the aforementioned rule.

## ANALYSIS

{¶7} At the outset, we note the record in this case includes no paperwork from the original criminal charges filed against Appellant. In his brief, Appellant states his laptop was seized on July 6, 2018. He states he entered and successfully completed the Intervention in Lieu of Conviction program, which led to the dismissal of the charges and the sealing and expungement of the record.

{¶8} The Ohio Supreme Court has held that a civil action for replevin is the appropriate remedy for the return of property seized and held by the State. *State ex rel. Johnson v. Kral,* 2018-Ohio-2382, ¶ 5, *citing State ex rel. Jividen v. Toledo Police Dept.,* 112 Ohio App. 3d 458, 459 (6th Dist. 1996). Appellant's motion filed in his criminal case is not a civil action for replevin.

{¶9} Another way to seek the return of seized property is through the statutory forfeiture process. *State v. Holloway,* 2021-Ohio-1483, ¶ 14 (6th Dist.). However, due to the lack of a record of the underlying criminal proceedings in the instant case, there is no record of the property being subject to criminal or civil forfeiture proceedings, nor did Appellant allege in his motion that the laptop was the subject of forfeiture proceedings.

{¶10} Despite the fact that the Ohio Supreme Court has recognized replevin as the appropriate method to seek return of property unlawfully held by the State, courts routinely address postconviction motions for the return of seized property, including motions filed in criminal cases after the charges have been dismissed. *Id.* at ¶ 21. R.C. 2981.03(A)(4) provides in pertinent part, "A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." However, in the instant case, as in *Holloway, supra,*

Appellant did not allege the property was unlawfully seized in his motion. Rather, his motion suggests the laptop was seized as evidence at the time of his arrest.

{¶11} The problem faced by this Court in reviewing Appellant's motion and the trial court's entry is that Appellant's criminal case has apparently been expunged. No records exist of the original case in which Appellant's computer was allegedly seized as evidence. Pursuant to R.C. 2953.33(B)(4), following expungement, the proceedings in the case that pertain to the criminal charges filed against Appellant are considered not to have occurred. Because the criminal case is deemed not to have occurred, there is no criminal case, open or closed, within which Appellant can file a motion for return of his property; the criminal case within which Appellant filed his motion in the instant case has ceased to exist. We therefore find the motion was not properly filed under Appellant's criminal case number, and the only available remedy in the instant case is through a civil action for replevin. The trial court did not err in overruling the motion because it was not properly before the court as filed in Appellant's former criminal case.

{¶12} The assignment of error is overruled.

## CONCLUSION

{¶13} For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is Affirmed.

{¶14} Costs are assessed to Appellant.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.